**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: | CASE NO. 18-11801 (JTD) |
| | Chapter 11 |
| J & M Sales, Inc., *et al.*1, | (Jointly Administered) |
| Debtors. | |
| _____/ | |
| George L. Miller, not individually, but as Chapter 7 Trustee of J & M Sales, Inc., *et al.*, | |
| Plaintiff, | |
| | Adv. Case No.: 20-50361 (JTD) |
| v. | |
| TAZ GROUP, LLC, | |
| Defendant. | |
| _____/ | |

**DEFENDANT'S, TAZ GROUP, LLC, ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT TO AVOID AND RECOVER
TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 AND 550 AND
TO DISALLOW CLAIMS PURSUANT TO U.S.C. § 502**

Defendant, TAZ GROUP, LLC ("Defendant" and/or "TAZ"), by and through undersigned counsel respond to Plaintiff's, George L. Miller, not individually, but as Chapter 7 Trustee of J & M Sales, Inc., *et al.* ("Plaintiff" and/or "Trustee") Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547, 548 and 550 and to Disallow Claims Pursuant to U.S.C. § 502 (the "Complaint") and file this Answer and Affirmative Defenses.  Defendant reserves the right to amend this Answer to the Complaint and the responses and to add additional affirmative defenses, counterclaims, crossclaims, and/or third party claims as additional facts are obtained through

---

1 The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: J & M Sales Inc. (4697); National Stores, Inc. (4874); J&M Sales of Texas, LLC (5979); FP Stores, Inc. (6795); Southern Island Stores, LLC (8099); Southern Island Retail Stores LLC (4237); Caribbean Island Stores, LLC (9301); Pazzo FNB Corp. (9870); Fallas Stores Holdings, Inc. (6052); and Pazzo Management LLC (1924). Debtors' mailing address is 15001 South Figueroa Street, Gardena, CA 90248.

further investigation or discovery. Defendant responds to each of the numbered paragraphs of the Complaint as follows:

## NATURE OF THE CASE[2]

1. Paragraph 1 constitutes a legal conclusion and does not require a response from Defendant. To the extent a response is required, Defendant denies the allegations and demand strict proof thereof.

2. Paragraph 2 constitutes a legal conclusion and does not require a response from Defendant. To the extent a response is required, Defendant denies the allegations and demand strict proof thereof.

## JURISDICTION AND VENUE

3. Admitted for jurisdictional purposes only.

4. Admitted for jurisdictional purposes only.

5. Admitted for jurisdictional purposes only.

6. Admitted for jurisdictional purposes only.

7. Paragraph 7 constitutes a legal conclusion and does not require a response from Defendant. To the extent a response is required, Defendant denies the allegations and demand strict proof thereof.

---

[2] Defendant's use of Plaintiff's headings and subheadings should not, in any way, be construed as Defendant's acceptance and or acknowledgment of any facts or conclusions of law used by Plaintiff in those headings. Defendant's simply list the headings and subheadings to mirror Plaintiff's Complaint. Defendant's specifically deny the factual and legal conclusions used by Plaintiff in the headings and subheadings and demand strict proof thereof. Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Complaint.

## PROCEDURAL BACKGROUND

8.     Defendant admits that the dockets in the Debtor's respective Bankruptcy proceedings reflect that on August 6, 2018, Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

9.     Paragraph 9 purports to characterize a document that speaks for itself and is the best evidence of its contents. To the extent the allegations in this paragraph inaccurately and/or incompletely reflects the document they purport to characterize or aver any legal conclusions, Defendant denies the allegations and demands strict proof thereof.

10.    Paragraph 10 purports to characterize a document that speaks for itself and is the best evidence of its contents. To the extent the allegations in this paragraph inaccurately and/or incompletely reflects the document they purport to characterize or aver any legal conclusions, Defendant denies the allegations and demands strict proof thereof.

11.    Paragraph 11 purports to characterize a document that speaks for itself and is the best evidence of its contents. To the extent the allegations in this paragraph inaccurately and/or incompletely reflects the document they purport to characterize or aver any legal conclusions, Defendant denies the allegations and demands strict proof thereof.

12.    Paragraph 12 purports to characterize a document that speaks for itself and is the best evidence of its contents. To the extent the allegations in this paragraph inaccurately and/or incompletely reflects the document they purport to characterize or aver any legal conclusions, Defendant denies the allegations and demands strict proof thereof.

## THE PARTIES

13. Paragraph 13 constitutes a legal conclusion and does not require a response from Defendant. To the extent a response is required, Defendant denies the allegations and demand strict proof thereof.

14. Admitted.

## FACTUAL BACKGROUND

15. Paragraph 15 purports to characterize a document that speaks for itself and is the best evidence of its contents. To the extent the allegations in this paragraph inaccurately and/or incompletely reflects the document they purport to characterize or aver any legal conclusions, Defendant denies the allegations and demands strict proof thereof.

16. Defendant is without sufficient knowledge as to the allegations contained within Paragraph 16, and accordingly denies same, demanding strict proof thereof.

17. Defendant is without sufficient knowledge as to the allegations contained within Paragraph 17, and accordingly denies same, demanding strict proof thereof.

18. Defendant is without sufficient knowledge as to the allegations contained within Paragraph 18, and accordingly denies same, demanding strict proof thereof.

19. Defendant is without sufficient knowledge as to the allegations contained within Paragraph 19, and accordingly denies same, demanding strict proof thereof.

20. Defendant is without sufficient knowledge as to the allegations contained within Paragraph 20, and accordingly denies same, demanding strict proof thereof.

21. Defendant is without sufficient knowledge as to the allegations contained within Paragraph 21, and accordingly denies same, demanding strict proof thereof.

22. Defendant is without sufficient knowledge as to the allegations contained within Paragraph 22, and accordingly denies same, demanding strict proof thereof.

23. Defendant is without sufficient knowledge as to the allegations contained within Paragraph 23, and accordingly denies same, demanding strict proof thereof.

24. Paragraph 24 purports to characterize documents that speak for themselves and that are the best evidence of their contents. To the extent the allegations in this paragraph inaccurately and/or incompletely reflect the documents they purport to characterize or aver any legal conclusions, Defendant denies the allegations and demands strict proof thereof.

25. Admitted.

26. Paragraph 26 purports to characterize documents that speak for themselves and that are the best evidence of their contents. To the extent the allegations in this paragraph inaccurately and/or incompletely reflect the documents they purport to characterize or aver any legal conclusions, Defendant denies the allegations and demands strict proof thereto.

27. Paragraph 27 constitutes a legal conclusion and does not require a response from Defendant. To the extent a response is required, Defendant denies the allegations and demand strict proof thereof.

28. Paragraph 28 purports to characterize documents that speak for themselves and that are the best evidence of their contents. To the extent the allegations in this paragraph inaccurately and/or incompletely reflect the documents they purport to characterize or aver any legal conclusions, Defendant denies the allegations and demands strict proof thereto.

29. Paragraph 29 constitutes a legal conclusion and does not require a response from Defendant. To the extent a response is required, Defendant denies the allegations and demand strict proof thereof

## CLAIMS FOR RELIEF

### COUNT I
(Avoidance of Preference Period Transfers – 11 U.S.C § 547)

30. Defendant restates and re-alleges its responses to the allegations set forth above in all of the preceding paragraphs as though fully set forth herein.

31. Paragraph 31 purports to characterize documents that speak for themselves and that are the best evidence of their contents. To the extent the allegations in this paragraph inaccurately and/or incompletely reflect the documents they purport to characterize or aver any legal conclusions, Defendant denies the allegations and demands strict proof thereto.

32. Paragraph 32 purports to characterize documents that speak for themselves and that are the best evidence of their contents. To the extent the allegations in this paragraph inaccurately and/or incompletely reflect the documents they purport to characterize or aver any legal conclusions, Defendant denies the allegations and demands strict proof thereto.

33. Paragraph 33 purports to characterize documents that speak for themselves and that are the best evidence of their contents. To the extent the allegations in this paragraph inaccurately and/or incompletely reflect the documents they purport to characterize or aver any legal conclusions, Defendant denies the allegations and demands strict proof thereto.

34. Paragraph 34 constitutes a legal conclusion and does not require a response from Defendant. To the extent a response is required, Defendant denies the allegations and demand strict proof thereof.

35. Paragraph 35 constitutes a legal conclusion and does not require a response from Defendant. To the extent a response is required, Defendant denies the allegations and demand strict proof thereof.

36. Paragraph 36 constitutes a legal conclusion and does not require a response from Defendant. To the extent a response is required, Defendant denies the allegations and demand strict proof thereof.

37. Denied.

38. Denied.

39. Paragraph 39 constitutes a legal conclusion and does not require a response from Defendant. To the extent a response is required, Defendant denies the allegations and demand strict proof thereof.

## COUNT II
(Avoidance of Fraudulent Conveyances – 11 U.S.C § 548(a)(1)(B))

40. Defendant restates and re-alleges its responses to the allegations set forth above in all of the preceding paragraphs as though fully set forth herein.

41. Denied.

42. Denied.

## COUNT III
(Recovery of Avoided Transfers – 11 U.S.C § 550)

43. Defendant restates and re-alleges its responses to the allegations set forth above in all of the preceding paragraphs as though fully set forth herein.

44. Denied.

45. Denied.

46. Denied.

## COUNT IV
(Disallowance of All Claims – 11 U.S.C § 502(d) and (j))

47. Defendant restates and re-alleges its responses to the allegations set forth above in all of the preceding paragraphs as though fully set forth herein.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

## PRAYER FOR RELIEF

The "WHEREFORE" clause, constitutes a prayer for relief and contains no factual averments to which a response is required. To the extent a response is required Defendant denies that Plaintiff is entitled to the relief requested therein. Moreover, Defendant requests that judgment be entered in favor of Defendant providing that Plaintiff shall take nothing by this cause of action and requests that the Court grant such further and other relief in favor of Defendant as it deems just and proper.

## GENERAL DENIAL

All allegations not specifically admitted herein are denied. Further, Defendant denies that it is liable to Plaintiff in any manner whatsoever for the requests for relief set forth in the Complaint. Defendant has not knowingly or intentionally failed to raise any applicable defenses and reserve the right to assert any additional defenses supported by additional factual discovery and investigation as this action progresses. Defendant reserves the right to amend its Answer to conform to the evidence as determined in discovery or at trial.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The transfers may not be avoided or recovered against Defendant under 11 USC §547 of the Bankruptcy Code as they constitute payment of debt incurred by National Stores, Inc. and/or

Fallas Stores Holdings, Inc. in the ordinary course of business terms or financial affairs of these Debtors and the Defendant.

## Second Affirmative Defense

The transfers may not be avoided or recovered against Defendant under 11 U.S.C. § 548(a)(1)(B) of the Bankruptcy Code because Defendant received the transfers in exchange for reasonably equivalent value to National Stores, Inc. and/or Fallas Stores Holdings, Inc. in the form of pallets of women's apparel.

## Third Affirmative Defense

The transfers may not be avoided or recovered against Defendant under 11 U.S.C. §548(a)(1)(B) of the Bankruptcy Code because National Stores, Inc. and/or Fallas Stores Holdings, Inc. were not insolvent at the time of such transfers (Checks dated April 27, 2018; May 16, 2018; and June 11, 2018) and therefore did not become insolvent as a result of such transfers. Additionally, these the property remaining with these Debtors at the time of the transfers was not unreasonably small in capital or otherwise not beyond their ability to pay.

## Fourth Affirmative Defense

The transfers may not be avoided or recovered against Defendant under section 11 U.S.C. §548(a)(1)(B) of the Bankruptcy Code because such transfers were not made with the actual intent to hinder, delay, or defraud any entity to which National Stores, Inc. and/or Fallas Stores Holdings, Inc. were or became indebted to as they were made in the ordinary course of business between the these Debtors and Defendant.

## Fifth Affirmative Defense

Pursuant to 11 U.S.C. 550(b)(1) of the Bankruptcy Code, Plaintiff may not recover the transfers made to Defendant to the extent that Defendant was the immediate transferee because

Defendant was a good faith transferee of such transfers or obligations, and the transfers were not sham transfers.

### Sixth Affirmative Defense

The transfers, if established, are not avoidable under the principles articulated by 11 U.S.C. §§ 105 and 550 to adjust a recovery under § 550.

### Seventh Affirmative Defense

To the extent any transfer conferred an economic benefit upon National Stores, Inc. and/or Fallas Stores Holdings, Inc. such transfer is not avoidable against Defendants.

To the extent not otherwise stated herein, Defendant specifically reserves all defenses contained in Rules 7008 and 7012 of the Federal Rules of Bankruptcy Procedure. Defendant also specifically reserves the right to amend these Affirmative Defenses to add additional affirmative defenses, counterclaims, cross-claims, and/or third party claims as additional facts are obtained through further investigation or discovery.

Dated: April 7, 2020.

KLEIN LLC

 /s/ Julia Klein
Julia B. Klein (DE 5198)
Email: klein@kleinllc.com
919 N. Market Street, Ste. 600
Wilmington, DE 19801
(302) 438-0456

and

Laudy Luna (FBN 044544)
Email: ll@reyeslunalaw.com
Jessica B. Reyes (FBN 56894)
Email: jbr@reyeslunalaw.com
Reyes & Luna Law Firm, LLC
75 Miracle Mile, #347623
Coral Gables, Florida 33234-5027
Tel: (786)332-6787
*Counsel for Defendant Taz Group, LLC*

-11-

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished this April 7, 2020, via electronic transmission to all parties registered to receive electronic filing (cm/ecf):

>  */s/ Julia Klein*
> Julia B. Klein